1  **McCARTHY & HOLTHUS, LLP**
   Melissa Robbins Coutts, Esq. (SBN: 246723)
2  Seth Harris, Esq. (SBN:  253802)
   1770 Fourth Avenue
3  San Diego, CA  92101
   Email:  sharris@mccarthyholthus.com
4  Telephone:          (619) 685-4800
   Facsimile:           (619) 685-4811
5
   Attorneys for Defendants,
6  CitiMortgage, Inc. and Quality Loan Service Corporation

7

8                     **UNITED STATES DISTRICT COURT**

9            **NOTHERN DISTRICT OF CALIFORNIA-SAN JOSE DIVISION**

10

| 11 | JATINDER MANN, an individual, | Case No. 5:14-cv-01917-HRL |
|---|---|---|
| 12 | Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| 13 | v. | |
| 14 | CITIMORTGAGE., a New York Corporation, QUALITY LOAN SERVICE CORPORATION, a Washington Corporation, AND DOES 1 through 10, inclusive, | |
| 15 | | Date: August 19, 2014 |
| 16 | | Time: 10:00 a.m. |
| 17 | | Ctrm: 2 – 5th Floor |
| 18 | Defendants, | Judge: Hon. Howard R. Lloyd |

19

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28

# **TABLE OF CONTENTS**

SUMMARY OF THE ARGUMENT ................................................................................. 2

POINTS & AUTHORITIES ................................................................................................ 3

    A. A Motion To Dismiss Pursuant To Rule 12(b)(6) Must Be Granted When the Complaint Fails to Show Plaintiff is Entitled to Relief. .............. 3

    B. The Litigation Privilege Prevents Imposition of Liability Against Quality. ................................................................................................. 3

    C. Plaintiff's Complaint is Contradictory ....................................................... 5

    D. Plaintiff's First Causes of Action for Fraud and Second Causes of Action for Negligent Misrepresentation Should Be Dismissed for Failure to State a Claim ............................................................................. 5

    E. Plaintiff has No Claim Against Defendants for Trespass or Conversion .... 8

    F. Plaintiff's Fifth Causes of Action for Violation of Homeowner's Fails to State Facts Sufficient to Support a Cause of Action ............................... 9

    G. Plaintiff's Claim for Violation of Civil Code Section 2923.5 Should be Dismissed for Failure to State a Claim ...................................................... 9

    H. Plaintiff Has Not Pled the Essential Elements Supporting His Breach of Contract or Promissory Estoppel Claims ............................................... 11

    I. Plaintiff's Request for Injunctive Relief Fails Because Injunctive Relief Is a Remedy, Not a Cause of Action ................................................ 12

CONCLUSION ...................................................................................................... 13

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

# TABLE OF AUTHORITIES

**Cases**

Abdallah v. United Sav. Bank
  (1996) 43 Cal.App.4th 1101 .................................................................................... 13

Ainsa v. Mercantile Trust Co. of San Francisco
  (1917) 174 Cal. 504 ................................................................................................ 4

Balistreri v. Pacifica Police Dept.
  (1990) 901 F.2d 696, 699 (9th Cir. 1990) ................................................................ 3

Bell Atlantic v. Twombly
  (2007) 550 U.S. 544, 127 S. Ct. 1955, 1965 ........................................................... 3

Brookwood v. Bank of Am.
  (1996) 45 Cal.App.4th 1667, 1674 ......................................................................... 7

Cadlo v. Owens-Illinois, Inc.
  (2004) 125 Cal.App.4th 513, 519 ........................................................................... 6

Hadland v. NN Investors Life Ins. Co.
  (1994) 24 Cal.App.4th 1578, 1589 ......................................................................... 7

Irving Tier Co. v. Griffin
  (1996) 244 Cal.App.2d 852 .................................................................................. 12

Kachlon v. Markowitz
  (2008) 168 Cal. App. 4th 316 ................................................................................. 5

Karlsen v. Am. Sav. & Loan Ass'n.
  (1971) 15 Cal.App.3d 112 .................................................................................... 13

Lazar v. Superior Court
  (1996) 12 Cal.4th 631, 638 ..................................................................................... 5

Leonard v. Bank of Am. Nat'l Trust & Sav. Ass'n
  (1936) 16 Cal. App. 2d 341 .................................................................................. 13

Lortz v. Connell
  (1969) 273 Cal.App. 286, 290 .............................................................................. 11

Mabry v. Superior Ct.
  (2010) 185 Cal.App.4th 208 ................................................................................. 10

Miller v. Nat'l Broadcasting Co.
  (1986) 187 Cal. App. 3d 1463, 1480, 232 Cal. Rptr. 668 ....................................... 8

Moeller v. Lien
  (1994) 25 Cal.App.4th 822 ..................................................................................... 4

Mosier v. S. Cal. Physicians Ins. Exch.
  (1998) 63 Cal. App.4th 1022, 1045 ........................................................................ 6

Munger v. Moore
  (1970) 11 Cal. App. 3d 1, 7 .................................................................................... 9

Oakdale Village Group v. Fong
  (1996) 43 Cal. App. 4th 539, 543-545 .................................................................... 8

Papasan v. Allain
  (1986) 478 U.S. 265, 286 ....................................................................................... 3

/ / /

Roberts v. Ball, Hunt, Hart, Brown & Baerwitz
(1976) 57 Cal.App.3d 104, 109 .......................................................................................... 6

Rowland v. PaineWebber, Inc.
(1992) 4 Cal.App.4th 279, 286 ........................................................................................... 7

Rubin v. Green,
(1993) 4 Cal. 4th 1187, 1193-94 ........................................................................................ 5

Secrest v. Sec. Nat'l Mortgage Loan Trust 2002-2
(2008) 167 Cal.App.4th 544 ............................................................................................ 12

Shell Oil Co. v. Richter
(1942) 52 Cal. App. 2d 164 ............................................................................................. 13

Sprewell v. Golden State Warriors
(2001) 266 F.3d 979, 988, 9th Cir. .................................................................................... 3

Swartz v. KPMG LLP
(2007) 476 F.3d 756, 763, 9th Cir. .................................................................................... 3

Thrifty-Tel, Inc. v. Bezenek
(1996) 46 Cal. App. 4th 1559 ............................................................................................ 8

Williams v. Cal. Physicians' Serv.
(1999) 72 Cal.App.4th 722, 739 ........................................................................................ 7

**Statutes**

California Civil Code § 47 .................................................................................................... 4

California Civil Code § 2923.5 ............................................................................... 9, 10, 11

California Civil Code § 2924 ................................................................................................ 4

Federal Rule of Civil Procedure Rule 12(b)(6) ............................................................ 2, 3, 13

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800  FACSIMILE (619) 685-4811

Defendants CitiMortgage, Inc. and Quality Loan Service Corporation ( collectively "Defendants") respectfully submit the following Memorandum of Points and Authorities in Support of their Motion to Dismiss the Complaint of Plaintiff, Jatinder Mann ( "Plaintiff").

## SUMMARY OF THE ARGUMENT

Quality Loan Service Corporation ("Quality"), as the Trustee under a Deed of Trust, commenced a nonjudicial foreclosure at the instruction CitiMortgage, Inc. ("Citi") due to Plaintiff's failure to make payments under the terms of his Promissory Note and Deed of Trust. Plaintiff's Complaint alleges that the foreclosing entity did not legally have the right to proceed with a nonjudicial foreclosure. Plaintiffs' Complaint fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). Plaintiff relies on unsupported allegations in hopes of delaying the foreclosure. Plaintiff also makes inaccurate statements regarding the originator of his loan and actions taken which the public records show are entirely untrue.

## FACTUAL BACKGROUND

On or about December 6, 2007, Plaintiff obtained a loan from Stearns Lending Inc. in the amount of $417,000.00 under a Promissory Note secured by a Deed of Trust against real property commonly known as 1989 Supreme Drive, San Jose, CA 95148 ("Subject Property"). (Req. for Judicial Notice, Ex. A.) An Assignment of Deed of Trust was executed on January 12, 2011 assigning beneficial interest under the Deed of Trust to CitiMortgage, Inc.(Req. for Judicial Notice, Ex. B.)

On February, a Substitution of Trustee recorded naming Quality Loan Service Corporation ("Quality") as the new Trustee under the Deed of Trust. (Req. for Judicial Notice, Ex. C.)

It is undisputed that Plaintiff breached his promise to repay the indebtedness. Consequently, on April 1, 2011, Quality commenced a nonjudicial foreclosure

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

against the Subject Property by recording and serving a Notice of Default and Election to Sell Under Deed of Trust. (Req. for Judicial Notice, Ex. D.)

On December 23, 2013, Quality recorded a Notice of Trustee's Sale of the Subject Property and scheduled a sale date of February 6, 2014. (Req. for Judicial Notice, Ex. E)

## POINTS & AUTHORITIES

### A. A Motion To Dismiss Pursuant To Rule 12(b)(6) Must Be Granted When the Complaint Fails to Show Plaintiff is Entitled to Relief.

Rule 12(b)(6) of FRCP allows a Defendant to bring a motion to test the legal sufficiency of the allegations in a complaint. Such a motion should be granted when the Plaintiff's allegations, taken as true, do not entitle the Plaintiff to the relief sought in the complaint. A dismissal pursuant to Rule 12(b)(6) is required where the complaint lacks a "cognizable legal theory" or does not plead facts sufficient to support a cognizable theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). The complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Instead, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level . . ." Id.

In ruling on a 12(b)(6) motion to dismiss, the Court may consider "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). But the Court need not accept unreasonable inferences or "conclusory, unwarranted deductions of fact" cast in the form of factual allegations. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

### B. The Litigation Privilege Prevents Imposition of Liability Against Quality.

Quality is named in Plaintiff's Complaint entirely for actions conducted in its capacity as Trustee of the Deed of Trust. However, Quality's advancement of the

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

CA-14-621724-CV

nonjudicial foreclosure is statutorily protected under Civil Code section 47, and accordingly this conduct cannot form the basis of any tort cause of action.

The legislature has codified the manner and procedure for conducting nonjudicial foreclosures in Civil Code section 2920 through 2944.5. These sections comprise a comprehensive regulation of the nonjudicial foreclosure process by the legislature. Moeller v. Lien, 25 Cal.App.4th 822, 834 (1994). California Civil Code section 2924(b) provides: "[I]n performing acts required by this article, the trustee shall incur no liability for any good faith error resulting from reliance on information received in good faith from the beneficiary regarding the nature and the amount of the default under the secured obligation, deed of trust, or mortgage." Cal. Civ. Code § 2924(b). California Civil Code section 2924(d) further states that mailing, publication, and delivery of notices as required by this section 2924 "shall constitute privileged communications." This includes the procedures for substitution of trustee (section 2934a), for posting and publication of the notices of default and sale (section 2924b), and for conduct of a Trustee's Sale (section 2924g). Thus, when a Trustee such as Quality records a Notice of Default at the direction of the beneficiary, the Trustee incurs no liability for such recordation.

When assessing claims made against the Trustee, it is important to keep in mind the long standing legal maxim that a Trustee of a Deed of Trust "has no claim to ownership of the property, but acts as the agent to the Trustor and Beneficiary for the limited purpose of conducting a sale in the event of the Trustor's default, or reconveys the property upon satisfaction of the debt owed." Ainsa v. Mercantile Trust Co. of San Francisco, 174 Cal. 504, 510 (1917). It is for that reason a Trustee reasonably relies upon the information it is provided, and cannot take any action beyond the scope of its limited authority.

The effect of the litigation privilege is to bar any tort action based on a protected communication. The only exception is for suit based on malicious prosecution. Kachlon v. Markowitz, 168 Cal.App.4th 316, 336 (2008); Rubin v.

4

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Green, 4 Cal. 4th 1187, 1193-94 (1993)   Thus, each and every cause of action based on the recordation of the foreclosure notices is barred by the litigation privilege. Kachlon, 168 Cal.App.4th at 336; Rubin v. Green, 4 Cal. 4th 1187, 1193-94 (1993).  Upon these grounds alone, there is sufficient basis to conclude that Plaintiffs improperly named Quality in this action and the Complaint should be dismissed as to Quality.

### C. **Plaintiff's Complaint is Contradictory**

Plaintiff's Complaint is a conundrum as allegations made are contradicted throughout the Complaint itself. First Plaintiff's allegations that Citi changed figures at the loan origination is false as Citi was not even the lender as shown on the Deed of Trust and therefore cannot be liable for any actions taken by the original lender. (Req. for Judicial Notice Ex. A) Moreover, Plaintiff had the opportunity to review and sign the loan documents prior to the loan being originated. Plaintiff also alleges that he was unable to avail himself of his legal right to file bankruptcy or a lawsuit to prevent the foreclosure sale from proceeding. (Compl. ¶ 41.a.) However, this very lawsuit is evidence that he was able to avail himself of his legal remedy. Further, a bankruptcy was filed in bad faith on 4/28/14 by a debtor claiming to have an interest in the property due to an unrecorded Grant Deed in order to delay the foreclosure sale, which was dismissed by the bankruptcy court on 5/15/14. (Req. for Judicial Notice Ex. F & G)

### D. **Plaintiff's First Causes of Action for Fraud and Second Causes of Action for Negligent Misrepresentation Should Be Dismissed for Failure to State a Claim**

Plaintiff's first and second causes of action are based on allegations of fraud by Citi. The elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. Lazar v. Superior Court (1996) 12 Cal.4th 631, 638. The same elements comprise a cause of action for negligent misrepresentation, except there is no requirement of intent to

induce reliance. Cadlo v. Owens-Illinois, Inc. (2004) 125 Cal.App.4th 513, 519.

> In California, fraud must be pled specifically; general and conclusory allegations do not suffice. Thus, the policy of liberal construction of the pleadings … will not ordinarily be invoked to sustain a pleading defective in any material respect. This particularity requirement necessitates pleading *facts* which show how, when, where, to whom, and by what means the representations were tendered.

Id. at 645 (internal citations and quotation marks omitted).

It is essential that the facts and circumstances constituting the fraud should be set out clearly, concisely, and with sufficient particularity to apprise the opposite party of what he or she is called on to answer and to enable the court to determine if, on the facts pled, there is any foundation, prima facie at least, for the charge of fraud. Hannon v. Madden (1931) 214 Cal. 251, 267-268. Each element of a fraud claim must be pled with particularity. Roberts v. Ball, Hunt, Hart, Brown & Baerwitz (1976) 57 Cal.App.3d 104, 109. The normal policy of liberally construing pleadings against a demurrer does not apply to allegations of fraud, and will not usually be invoked to sustain a pleading that is defective in any material respect. Lazar, 12 Cal.4th at 645.

1. Plaintiff has not properly alleged an actionable misrepresentation.

The first element of a fraud or negligent misrepresentation claim is proof of a false representation, false promise or nondisclosure of a material fact that Defendant owed a duty to disclose. Mosier v. S. Cal. Physicians Ins. Exch. (1998) 63 Cal. App.4th 1022, 1045. In support of Plaintiff's fraud claims, Plaintiff makes to two allegations. First he claims that Citi changed the loan numbers in the application to qualify him for a loan he couldn't afford. (Compl. ¶ 31.) However, as discussed above, Citi was not the lender and therefore could not have changed the numbers on the loan application. Second, Plaintiff alleges that Citi agreed to postpone the foreclosure sale set for 4/21/14 to 5/21/14. (Compl. ¶ 32.) Plaintiff alleges that this was not done. However, Plaintiff's allegation is false as the complaint was not filed until 4/25/14 and yet a foreclosure sale had not occurred and still has not occurred.

Plaintiff's blatant attempt to mislead the court is enough alone to qualify for a dismissal. As the sale had not occurred prior to the filing of this Complaint and still has not occurred, Plaintiff does not state an actionable misrepresentation.

2.  Plaintiff has not properly alleged actual or justifiable reliance.

"Reliance on an alleged misrepresentation is not reasonable when Plaintiff could have ascertained the truth through the exercise of reasonable diligence. Reasonable diligence requires the reading of a contract before signing it." Rowland v. PaineWebber, Inc. (1992) 4 Cal.App.4th 279, 286 (citations omitted).  It is the well establish rule in California that contractual parties have a "duty to read the contract" and thus "cannot complain of unfamiliarity of the language of the contract." Williams v. Cal. Physicians' Serv. (1999) 72 Cal.App.4th 722, 739; see also Rodriguez v. Am. Techs., Inc. (2006) 136 Cal.App.4th 1110, 1123-24 (enforcing contractual provision on back of form despite consumer's claim not to have read it); see generally 1 Witkin, Summary of Cal. Law, § 118, p. 157 (10th ed. 2005).  A party is bound by the clear and conspicuous provisions within an agreement, even if he or she failed to read the agreement.  Hadland v. NN Investors Life Ins. Co. (1994) 24 Cal.App.4th 1578, 1589.

Plaintiff fails to allege how he actually or justifiably relied on Citi's purported fraud of changing the loan application. Regardless that Citi was not involved, Plaintiff cannot show that the circumstances were such as to make it reasonable for him to do so without an independent inquiry.  See, e.g., Brookwood v. Bank of Am. (1996) 45 Cal.App.4th 1667, 1674 ("Reliance on an alleged misrepresentation . . .is not reasonable when [a] plaintiff could have ascertained the truth through the exercise of reasonable diligence.")  The purported fraud by Citi could have been discovered by Plaintiff before he signed his loan paperwork. Yet, Plaintiff fails to allege any facts showing that he acted with any reasonable diligence in reading the loan documents before signing them.  Thus, Plaintiff's first and second causes of action should be dismissed.

### E. **Plaintiff has No Claim Against Defendants for Trespass or Conversion**

Plaintiff's third and fourth causes of action, respectively, are for alleged trespass and conversion stemming from a purported entry on to the Property.

#### 1. No Cause of Action for Trespass

"The essence of the cause of action for trespass is an unauthorized entry onto the land of another." Miller v. Nat'l Broadcasting Co. (Ct. App. 1986) 187 Cal. App. 3d 1463, 1480, 232 Cal. Rptr. 668. To establish a claim for trespass, the plaintiff must prove: (1) that the plaintiff owned the property; (2) that the defendant entered the plaintiff's property without permission; (3) that plaintiff suffered harm; and (4) that the defendant's entry was a substantial factor in causing the plaintiff's harm. Id.; see also California Civil Jury Instructions section 2000.

Plaintiff generally pleads that "defendants" broke into and entered the Subject Property. (See Compl. ¶ 22 on pg. 9.) However, Plaintiff fails to identify who, specifically, entered the property. More importantly, Plaintiff fails to plead any facts which would show Defendants physically entered the Property. Plaintiff must plead at least some actual facts to show that a trespass actually occurred to support his cause of action. An unsupported allegation fails as a matter of law.

#### 2. No Cause of Action for Conversion

The elements of a conversion are: (1) the Plaintiff's ownership or right to possession of the property; (2) the Defendant's conversion by a wrongful act or disposition of property rights; and (3) damages resulting from the conversion. Burlesci v. Peterson (1998) 68 Cal. App. 4th 1062, 1065; Oakdale Village Group v. Fong (1996) 43 Cal. App. 4th 539, 543-545. The property converted must be tangible. Thrifty-Tel, Inc. v. Bezenek (1996) 46 Cal. App. 4th 1559. Meaning, real property may not be object of a conversion claim. Munger v. Moore (1970) 11 Cal. App. 3d 1, 7.

Plaintiff again generally pleads that "defendants" entered the Property and took certain personal property. (See Compl. ¶ 27 on pg. 10.) However, Plaintiff has

failed to allege specifically that either Citi or Quality ever physically entered the Property or, even if either had, that either took the property in question. Moreover, Plaintiff has failed to establish what personal property was taken or interfered with. As Plaintiff's allegation fails to establish the elements of conversion and omits specific facts warranting a claim against Defendants, Plaintiff's third and fourth causes of action should be dismissed.

**F.     Plaintiff's Fifth Causes of Action for Violation of Homeowner's Fails to State Facts Sufficient to Support a Cause of Action**

Plaintiff fails to state facts sufficient to support his causes of action. Plaintiff's fifth cause of action is for Violation of the Homeowner's Bill of Rights ("HOBR"). Plaintiff does not state any facts to support his allegation that there was a violation of this act. Instead, Plaintiff chooses to rely on general allegations that are unsupported by the public record.

Plaintiff makes general allegations of violations without stating any evidence to support them. Merely stating that he is being dual tracked during foreclosure is insufficient. Plaintiff must state when he submitted a completed loan modification application and must provide specifics to show that violations actually occurred. Plaintiff provides no factual support for how documents were wrong or to show that due diligence was not in fact made. The Notice of Default does contain a Declaration of Due Diligence as is required by Civil Code § 2923.5. (Req. for Judicial Notice Ex. D.)

Plaintiff has failed to demonstrate how there were any violations of HOBR. Without any facts to support Plaintiff's theories, Defendants' Motion to Dismiss should be granted.

**G.     Plaintiff's Claim for Violation of Civil Code Section 2923.5 Should be Dismissed for Failure to State a Claim**

Through Plaintiff's sixth cause of action, Plaintiff alleges that Defendants did not initiate contact with Plaintiff to discuss his financial situation prior to recording

the Notice of Default. (Compl. ¶ 48.) Further, it is beyond dispute that Plaintiff has discussed loss mitigation options with Defendants as Plaintiff repeatedly mentions loss mitigation discussions throughout the Complaint.

### 1. The Notice of Default Complies with Civil Code section 2923.5 and the Mabry decision.

Civil Code section 2923.5 requires substantive action from lenders before they can record a Notice of Default. Specifically, Civil Code section 2923.5(a) imposes an obligation on the "mortgagee, beneficiary, or authorized agent" to contact the borrower "in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." This initial contact must provide the borrower with the toll-free number to a United States Department of Housing and Urban Development ("HUD") certified housing counseling agency and inform the borrower that they have the option to request a subsequent meeting within fourteen days which may be conducted telephonically. Civil Code § 2923.5(a)(2). Additionally, even if the lender was not able to make initial contact, pursuant to subsections (a)(1) and (g), the lender's declaration of due diligence in attempting to satisfy these requirements specified above demonstrates compliance with the statute.

The court in Mabry v. Superior Ct. (2010) 185 Cal.App.4th 208, held that the declaration required by statute on a recorded notice of default may track the language of section 2923.5. Id. at 214, 235. By refusing to "divine an intention on the part of the Legislature that each notice of foreclosure be custom drafted," the court expressly rejected the contention that the declaration could not utilize a standardized response. Id. at 235.

The declaration attached to Defendants' Notice of Default is more detailed than the Mabry declaration and even identifies when contact was made with Plaintiff. (Req. for Judicial Notice, Ex. D.) Accordingly, the declaration completely complied with Mabry and section 2923.5.

In addition to holding that a declaration in support of a notice of default may tract the language in Civil Code section 2923.5, the Mabry court determined that a limited private right of action is available to a defaulting borrower under 2923.5, although it is strictly confined to postponement of the sale until the lender complies with the statute. Id. at 231. By Plaintiff's own admissions, loss mitigation has occurred. Therefore, regardless of whether the contact occurred before or after the recording of the Notice of Default, Plaintiff cannot state a cause of action for violation of section 2923.5 when he admits that loss mitigation discussions have occurred. Plaintiff is not entitled to any further relief and therefore Defendants' motion to dismiss this cause of action should be granted.

### H. Plaintiff Has Not Pled the Essential Elements Supporting His Breach of Contract or Promissory Estoppel Claims

Plaintiff's seventh and eighth causes of action are for breach of contract and promissory estoppels and are once again based on the alleged agreement to postpone the sale from 4/21/14 to 5/22/14 and review Plaintiff for a loan modification. (Compl. ¶¶ 55-56.) As discussed above, this Complaint was filed on 4/25/14. In order for there to have been a breach of this alleged contract, the sale would have had to proceed on 4/21/14 or least some time between then and now. Yet, no foreclosure sale has occurred. And per Plaintiff's own statements in the Complaint, the loan modification review is ongoing.

1. Plaintiff fails to plead the elements for breach of contract

The essential elements to be pled in an action for breach of contract are (1) the existence of a contract; (2) Plaintiff's performance of the contract or excuse for non-performance; (3) Defendant's breach of the contract; and (4) the resulting damages to Plaintiff. Lortz v. Connell (1969) 273 Cal.App. 286, 290. Assuming, arguendo, that there was a contract, there is not been a breach by Defendants. In fact, the only party to have breached this alleged contract is Plaintiff himself in that he states he agreed not to file a civil lawsuit and yet he did so with the filing of this

action. And since there has not been a breach of my client by proceed with the sale of the property, Plaintiff has not been damaged. Defendants on the other hand have been damaged by having to defend themselves against these baseless allegations. Accordingly, Plaintiff has not pled the essential elements required to maintain a cause of action for breach of contract and the Motion to Dismiss this cause of action should be granted without leave to amend.

2.   Plaintiff fails to establish that he detrimentally changed his position

Promissory estoppel may only be invoked when one party seriously changed his position in reliance on the agreement. Irving Tier Co. v. Griffin, 244 Cal.App.2d 852, 858 (1996). The plaintiff must allege facts showing he took actions such as "conveying property, rendering personal services, or doing something other than payment of money." See Secrest v. Sec. Nat'l Mortgage Loan Trust 2002-2, 167 Cal.App.4th 544, 556 (2008). Plaintiff does not specifically identify how he justifiably relied on the alleged promise that as far as can be seen was complied with. Plaintiff's speculative statements about what he could have done (and in fact did do) does not constitute detrimental reliance. If simply alleging what conceivably could have been done was sufficient to establish detrimental reliance, in every case involving an alleged oral agreement to modify a loan or postpone a foreclosure sale, a plaintiff could simply allege that he would have filed suit, sought a TRO, filed for bankruptcy protection, or taken some other action to protect his interests but for the lender's alleged oral promise. Such an interpretation would essentially gut the protections afforded by the Statute of Frauds.

I.   **Plaintiff's Request for Injunctive Relief Fails Because Injunctive Relief Is a Remedy, Not a Cause of Action**

Plaintiff cannot state a cause of action for injunctive relief. "Injunctive Relief is a remedy and not, itself, a cause of action, and a cause of action must exist before injunctive relief [remedy] may be granted." Shell Oil Co. v. Richter (1942) 52 Cal.App.2d 164, 168. Thus, Plaintiff's request for an injunction is not a cause of

action, but merely a remedy. Because there is no "cause of action" for injunctive relief, and Plaintiff has not alleged a substantive claim supporting his request for an injunction, this claim should be dismissed.

Finally, Plaintiff's request for an injunction fails because a court of equity cannot enjoin the foreclosure without requiring Plaintiff to repay the obligations that he voluntarily took on. See Leonard v. Bank of Am. Nat'l Trust & Sav. Ass'n (1936) 16 Cal.App.2d 341, 344 (finding "an offer to pay the debt upon which the suitor is in default is an essential prerequisite to equitable relief."). "Equity will not interpose its remedial power in the accomplishment of what would be nothing but an idly and expensively futile act, nor will purposefully speculate in a field where there has been no proof as to what beneficial purpose may be subserved through its intervention." Karlsen v. Am. Sav. & Loan Ass'n. (1971) 15 Cal.App.3d 112, 118 (quoting Leonard, 16 Cal.App.2d at 344). Plaintiff has failed to do equity by alleging the present ability to tender repayment of the principal balance. Without a valid and viable tender, Plaintiff cannot state a claim for injunctive relief. See Abdallah v. United Sav. Bank (1996) 43 Cal.App.4th 1101, 1109; Karlsen 15 Cal.App.3d 112 at 117-118.

## CONCLUSION

For the foregoing reasons, each and every cause of action in the Complaint should be dismissed. No cause of action, based on the facts currently alleged, can survive a Rule 12(b)(6) attack. Defendants respectfully requests that its Motion to Dismiss the Complaint be granted and that Defendants be dismissed with prejudice.

Dated: July 8, 2014

Respectfully submitted,
**McCARTHY & HOLTHUS, LLP**

By: /s/ Seth Harris
    Seth Harris, Esq.
    Attorney for Defendants,
    CitiMortgage, Inc. and Quality Loan Service Corporation

13
**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

CA-14-621724-CV